UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YONDER ISAAC DIAZ-TOVAR,<br>Petitioner(s),<br>v.<br>WARDEN,<br>Respondent(s). | CASE NO. C26-4342-KKE<br><br>ORDER GRANTING UNOPPOSED HABEAS PETITION |

After Petitioner was arrested and detained by United States Immigration and Customs Enforcement ("ICE") officers on October 27, 2026, he filed a petition for a writ of habeas corpus under 28 U.SC. § 2241. Dkt. No. 1. His petition, filed without the assistance of counsel, argues that his detention is unlawful because it violates his constitutional right to due process. *Id.* ¶¶ 3, 13–17. Petitioner requests release from detention. *Id.* ¶ 4.

Petitioner was released on his own recognizance ("OREC") on April 5, 2024. Dkt. No. 1-1 at 12. Additionally, Petitioner has work authorization until July 2030 and was issued a social security number. *Id.* at 8; Dkt. No. 2 ¶ 10. Prior to his re-detention, Petitioner resided in Yakima, where he enrolled in the Intensive Supervision Appearance Program ("ISAP") program, attended in-person check-ins, and maintained continuous cooperation with immigration authorities. Dkt. No. 2 ¶¶ 9, 11; Dkt. No. 1-1 at 2. Petitioner also filed an asylum application, which remains pending. Dkt. No. 2 ¶ 9.

The Court issued a scheduling order instructing Respondents (collectively "the Government") to "show cause why the writ of habeas corpus should not be granted[.]" Dkt. No. 4 at 1. On November 24, 2026, the Government filed an "abbreviated return," requesting only "that this Court decide whether a writ should be granted based on the Petition and related filings." Dkt. No. 6. The abbreviated return does not contain legal argument or any factual assertions.

"In our adversarial system of adjudication, we follow the principle of party presentation," meaning that "in both civil and criminal cases, in the first instance and on appeal ... we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

Here, Petitioner argues that the failure of process surrounding his arrest and detention warrants his release. *See* Dkt. No. 1 ¶¶ 3, 13–17. This argument has been accepted by numerous courts in this Circuit, including this one. *See, e.g.*, *Reyes Sira v. Mullin*, No. 2:26-CV-03899-GJL, 2026 WL 3320005, at *3 (W.D. Wash. Nov. 3, 2026) ("[C]ourts have found due process is violated when noncitizens released on an OREC are re-detained without a pre-deprivation hearing and have ordered their immediate release." (citing cases)). And although the Government has full access to the relevant facts concerning Petitioner's detention, it has offered no factual or legal basis to rebut his petition. Under these circumstances, "the Court is not duty-bound to go find a reason for them—indeed the party presentation principle requires it to do the opposite." *Ponzon Deroy v. Warden*, No. 5:26-CV-05972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026). And the Government's election not to oppose the petition constitutes forfeiture of the arguments it could have made. *Id.* (citing *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government

does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.”)). Because the Government has declined to present a defense in this case, the Court construes the habeas petition as intentionally unopposed and finds that the Government has waived any challenge to the arguments raised in the petition. *See Carrillo v. Mullin*, No. 5:26-cv-05229-SK, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026). As many other courts have found in such circumstances, the petition should be granted based on the Government’s “failure to oppose the primary relief sought.” *Ponzon Deroy*, 2026 WL 3132157, at *2; *see also id.* (“As such, the Court need not decide whether it agrees with the merits of Petitioner’s claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted.”).

In sum, the Government has failed to meet its burden to show cause why the writ of habeas corpus should not be granted. The Court therefore GRANTS the unopposed petition (Dkt. No. 1) and ORDERS that Petitioner shall be released from detention no later than November 26, 2026, on the conditions of his prior OREC. The Government shall file a status report no later than November 30, 2026, confirming Petitioner’s release in compliance with this order.

Dated this 25th day of November, 2026.

Kymberly K. Evanson
United States District Judge